UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Plaintiff,** ) | |
| v. ) | Case No. 10-CR-20085 |
| ) | |
| **NEMECIO AVILA CAZARES,** ) | |
| ) | |
| **Defendant.** ) | |

## OPINION

This case is before the court for ruling on the Motion to Dismiss Indictment (#14) filed by Defendant, Nemecio Avila Cazares. The Government filed a Response to Defendant's Motion to Dismiss Indictment (#15). After careful consideration, this court agrees with the arguments presented by the Government. Accordingly, Defendant's Motion (#14) is DENIED.

### BACKGROUND

On November 3, 2010, Defendant was charged by indictment (#7) with unlawful re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a). The indictment alleged that Defendant had previously been removed or deported from the United States on or about December 12, 2002. Defendant is represented by retained counsel, Neal Connors, and is detained pending trial.

### ANALYSIS

On November 23, 2010, Defendant filed his Motion to Dismiss Indictment (#14). In the Motion, Defendant stated that he did not yet have the benefit of discovery. However, he stated that it nevertheless appeared that the factual basis for the earlier order of removal in this case was through an administrative procedure known as "expedited removal" based on 8 U.S.C. § 1228(b). Defendant argued that expedited removal proceedings were inapplicable to him because he had lived in the United States at least six years or more prior to his expedited removal. Defendant therefore

argued that the expedited removal violated due process of law. Defendant asked this court to dismiss the indictment against him.

On December 9, 2010, the Government filed its Response to Motion to Dismiss Indictment (#15). The Government argued that Defendant's Motion should be denied because it was based upon an assumption, without the benefit of discovery, which is incorrect. The Government then set out the actual factual basis for Defendant's prior removals from the United States. The Government's factual basis stated that, on April 13, 2001, Defendant was served with a Notice to Appear placing him in removal proceedings under section 240 of the Immigration and Nationality Act (INA). Defendant signed a stipulated order of removal. The Government stated that stipulated removals are permissible under the INA. Defendant stipulated that he was not a United States citizen and was inadmissible. He also waived his right to appeal. The immigration judge approved the stipulation and signed the order of removal on May 10, 2001. Defendant was removed to Mexico on May 16, 2001. Some time thereafter, Defendant reentered the United States illegally. He was brought to the attention of the Border Patrol on or about December 11, 2002, and his previous order of removal was reinstated. Under the INA, if an alien has been previously removed, the previous order can be reinstated and the alien can be removed without the opportunity to appear before an immigration judge. On December 11, 2002, Defendant signed an acknowledgment and response that he did not want to make a statement contesting this determination. A Warrant of Removal/Deportation was signed on December 12, 2002, and Defendant was thereafter removed from the United States again.

The Government argued that Defendant's argument fails because Defendant was not removed via expedited removal under either INA § 235 or § 238. The Government argued that,

instead, Defendant was removed after being placed in removal proceedings under INA § 240. The Government argued that the regulation cited by Defendant did not apply to removal proceedings under INA § 240. The Government argued that, as the arguments made by Defendant assumed incorrect facts and were based upon sections of the INA that are not applicable to Defendant's stipulated removal, the argument that the expedited removal proceedings were in violation of the due process of law are without merit.

Based upon the Government's representations, this court agrees that Defendant's arguments are without merit and his Motion to Dismiss Indictment (#14) must be denied.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Dismiss the Indictment (#14) is DENIED.

(2) This case remains scheduled for a pretrial conference on December 27, 2010, at 1:30 p.m. and a jury trial on January 10, 2011, at 9:00 a.m.

ENTERED this 20th day of December, 2010

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE