**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
URBANA DIVISION**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** ) <br> ) <br> **Plaintiff,** ) <br> v. ) <br> ) <br> **NEMECIO AVILA CAZARES,** ) <br> ) <br> **Defendant.** ) | Case No. 10-CR-20085 |

## <u>OPINION</u>

This case is before the court for ruling on the Motion to Suppress (#17) filed by Defendant, Nemecio Avila Cazares. The Government filed a Response to Defendant's Motion to Suppress (#18). After careful consideration, this court agrees with the arguments presented by the Government. Accordingly, Defendant's Motion (#17) is DENIED.

### BACKGROUND

On November 3, 2010, Defendant was charged by indictment (#7) with unlawful re-entry of a removed alien, in violation of 8 U.S.C. § 1326(a). The indictment alleged that, on or about October 26, 2010, Defendant was found in Champaign County, Illinois, after having been deported and removed from the United States on or about December 12, 2002. Defendant is represented by retained counsel, Neal Connors, and is detained pending trial.

On November 23, 2010, Defendant filed a Motion to Dismiss Indictment (#14). The Government filed a Response (#15) on December 9, 2010. On December 20, 2010, this court entered an Opinion (#16) and denied Defendant's Motion. This court agreed with the Government that the arguments made by Defendant assumed incorrect facts and were based upon sections of the Immigration and Naturalization Act (INA) that are not applicable to Defendant's stipulated removal. This court therefore concluded that Defendant's argument that the expedited removal proceedings

were in violation of the due process of law were without merit.

MOTION TO SUPPRESS

In his Motion to Suppress, Defendant set out the facts regarding his removal proceedings, and attached lengthy documentation in support of his Motion. Defendant stated that the facts showed that he was apprehended in Iowa in 2001 for driving without a license and was transferred to INS custody prior to his removal from the United States to Mexico. During that time he was interviewed by INS agents in Cedar Rapids, Iowa, and was presented with a document titled "Notice to Respondent." In the middle of the document was a section entitled "Request for Prompt Hearing" which contained the following language, "To expedite a determination in my case, I request an immediate hearing. I waive my right to have a 10-day period prior to appearing before an immigration judge." The document contains Defendant's signature, which was witnessed by INS officer Raymundo Pena, and was dated April 13, 2001. The Notice to Respondent also set forth specific rights and responsibilities, including the right to be represented by counsel and the right to appear before an immigration judge.

The Notice of Custody Determination was dated April 13, 2001, and was signed by Defendant, showing that he received the notification. The document indicated that the Cedar Rapids INS official would determine custody "pending a final determination by the immigration judge in your case." The document did not include the custody determination. A document Defendant signed, which was dated April 16, 2001, stated that Defendant certified that the information he provided in a "Stipulated Request" was true and correct. The document was signed by "District Counsel or Deputy District Counsel" on May 4, 2001, but the line on the form for the signature of Defendant's attorney is blank. The "Decision of the Immigration Judge" was signed on May 10,

2001, and ordered Defendant to be removed from the United States.

Some time after Defendant was removed, he reentered the United States. On December 11, 2002, his previous order of removal was reinstated. Defendant noted that the record of the subsequent proceedings show that Defendant was asked if wished to have a lawyer or any other person present to advise him and he responded, "Yes." Defendant further noted that no further efforts appeared to have been made to address Defendant's right to counsel.

Defendant argued that the intrinsically suspect and unreliable evidence of Defendant's prior removal should be suppressed. Defendant further argued that he was not represented by counsel for purposes of the stipulated order of removal and his presumptive waiver of rights to any hearing should not be considered knowing and intelligent for purposes of satisfying procedural due process standards required by the Fourteenth Amendment to the Constitution.

On January 24, 2011, the Government filed its Response to Defendant's Motion to Suppress (#18). The Government argued that Defendant was not claiming a violation of any Fourth Amendment rights in his Motion to Suppress, so Defendant should have filed an Amended Motion to Dismiss the Indictment. The Government stated that it would respond as if an amended motion to dismiss had been filed.

The Government then set out additional pertinent facts and attached supporting documentation. The Government stated that the Stipulated Request for Removal Order and Waiver of Hearing that Defendant signed on April 16, 2001, was written in English and Spanish. The Government pointed out that stipulated removals are permissible under § 240(d) of the INA and the process which must be followed is codified in 8 C.F.R. 1003-25(b). The Government stated that, by signing the Stipulated Request for Removal Order and Waiver of Hearing, Defendant stipulated

3

that: (1) he did not have an attorney but had been given a legal aid list; (2) he was waiving all his rights and advisals, including a right to a hearing; (3) he was not a United States citizen and was inadmissible; (4) he agreed to give up the right to apply for any relief for which he may have been eligible; and (5) the stipulated request was voluntary, knowing and intelligent. Defendant also waived his right to appeal. Defendant's signature appears under the line that states in English and Spanish that "I certify that all the information I have given in the 'Stipulated Request' is true and correct."

The immigration judge approved the stipulation and signed the order of removal on May 10, 2001. Defendant was removed to Mexico on May 16, 2001. Defendant did not file a motion to reopen proceedings or appeal the stipulated removal order before May 16, 2001. He was not eligible to return to the United States for 10 years from the date of his departure.

At some point, Defendant reentered to the United Stated illegally. He was brought to the Border Patrol's attention and, on or about December 11, 2002, his previous order of removal was reinstated pursuant to INS § 241(a)(5) and 8 U.S.C. § 1231(a)(5). Under the INA, if an alien has been previously removed, the previous order can be reinstated and the respondent can be removed without the opportunity to appear before an immigration judge. On December 11, 2002, a Service Officer read, in Spanish, a Notice of Rights and Request for Disposition to Defendant. Defendant initialed and signed the form indicating he was in the United States illegally, he did not face any harm if returned to his country, and he gave up his right to a hearing before the Immigration Court. Also on December 11, 2002, Defendant signed an acknowledgment and response which stated that he did not wish to make a statement contesting this determination. The Warrant of Removal/Deportation was signed on December 12, 2002, and Defendant was again removed from

4

the United States to Mexico.

Based upon these facts, the Government argued that Defendant failed to satisfy his burden to challenge the validity of the underlying deportation order. The Government therefore argued that Defendant's Motion (#18) should be denied.

On January 27, 2011, a status conference was held in this case. At the status conference, Defendant and the Government agreed that no evidentiary hearing was necessary and this court could decide the Motion to Suppress based upon the arguments of the parties and the documents filed.

ANALYSIS

Title 8, § 1326 of the United States Code makes it an offense to re-enter the United States illegally after having been deported. United States v. Arita-Campos, 607 F.3d 487, 490 (7th Cir. 2010). "Because an original order of deportation is a condition precedent to the operation of § 1326, the Supreme Court has held that a defendant may collaterally attack the deportation order underlying the offense." Arita-Campos, 607 F.3d at 490, citing United States v. Mendoza-Lopez, 481 U.S. 828, 837-38 (1987). The flip side of this principle is that the Government may only "rely on a prior deportation as an element of the crime of unlawful re-entry, [if] the proceedings leading up to the deportation . . . comport[ed] with principles of due process." Arita-Campos, 607 F.3d at 490, quoting United States v. Roque-Espinoza, 338 F.3d 724, 727 (7th Cir. 2003).

However, it is the defendant's burden if he wishes to collaterally attack an underlying deportation order. Arita-Campos, 607 F.3d at 490. Section 1326 provides:

> In a criminal proceeding under this section, an alien may not challenge the validity of the deportation order described in subsection

5

> (a)(1) of this section or subsection (b) of this section unless the alien demonstrates that–
>
>> (1) the alien exhausted any administrative remedies that may have been available to seek relief against the order;
>>
>> (2) the deportation proceeding at which the order was issued improperly deprived the alien of the opportunity for judicial review; and
>>
>> (3) the entry of the order was fundamentally unfair.

8 U.S.C. § 1326(d). While other circuits have done so, the Seventh Circuit has not expressly held that all three requirements set out in § 1326(d) must be met. Arita-Campos, 607 F.3d at 491. However, this court concludes that it is immaterial in this case whether one or all three of the requirements must be met because the Government is correct that Defendant has not met his burden to show any of the three requirements. In fact, Defendant has not even attempted to show that any of the three requirements have been met.

To satisfy the first requirement, an alien must have filed a motion to reopen, appealed to the Board of Immigration Appeals, and pursued all other administrative remedies available to him. Arita-Campos, 607 F.3d at 491, citing Roque-Espinoza, 338 F.3d at 728-29. Defendant has provided this court with no information about his efforts to pursue any of these administrative remedies and the record indicates that no efforts were made. This court therefore accepts the Government's argument that, because Defendant did not motion to reopen proceedings or appeal the stipulated removal order before May 16, 2001, he failed to exhaust his administrative remedies and failed to satisfy the first requirement under 8 U.S.C. § 1326(d).

This court next agrees with the Government that Defendant did not meet his burden to show that the second requirement was met. The record supplied by the parties shows that Defendant did not appeal either removal order to the Court of Appeals. Further, an alien is not deprived of judicial review for purposes of § 1326(d)(2) as long as he has recourse to relief through habeas corpus. Arita-Campos, 607 F.3d at 493. There is no proof that Defendant filed a habeas petition or that habeas relief was unavailable to him. See Arita-Campos, 607 F.3d at 493; Roque-Espinoza, 338 F.3d at 729.

As far as the third requirement, the court agrees with the Government that Defendant has failed to satisfy his burden. To establish fundamental unfairness, a defendant must show both that his due process rights were violated and that he suffered prejudice from deportation proceedings. Arita-Campos, 607 F.3d at 493. This court agrees with the Government that Defendant has not shown that his due process rights were violated or that he was prejudiced by the deportation proceedings. A defendant may establish that he was prejudiced by a deportation proceedings only if he can prove that judicial review would have yielded him relief from deportation. Arita-Campos, 607 F.3d at 493. In this case, Defendant has not alleged that he was eligible for any form of relief from removal in 2001. The court agrees with the Government that a review of the record indicates the only form of relief that Defendant may have been eligible for was a discretionary grant of voluntary departure pursuant to 8 U.S.C. § 1229c(a). As stated in Arita-Campos, "unavailability of discretionary relief does not amount to a deprivation of due process." Arita-Campos, 607 F.3d at 493.

IT IS THEREFORE ORDERED THAT:

(1) Defendant's Motion to Suppress (#17) is DENIED.

(2) This case remains scheduled for a status conference by personal appearance on March 2, 2011 at 3:00 p.m.

ENTERED this 15th day of February, 2011

**s/ Michael P. McCuskey**
MICHAEL P. McCUSKEY
CHIEF U.S. DISTRICT JUDGE